IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO DOMINGUEZ,<br><br>    Plaintiff,<br><br>   v.<br><br>HOME SAVINGS OF AMERICA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 12-2107 SI<br><br>**ORDER GRANTING FDIC'S MOTION TO DISMISS; REMANDING REMAINING CLAIMS TO STATE COURT** |

Currently before the Court is defendant FDIC's motion to dismiss for lack of subject matter jurisdiction. The motion is scheduled for hearing on August 24, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS FDIC's motion to dismiss the claims against FDIC. The only claims remaining are the state-law claims against defendant MERS, over which the Court does not have subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over the state law claims, and accordingly REMANDS the claims against MERS back to state court.

**BACKGROUND**

Plaintiff filed a complaint against Home Savings of America ("Home Savings") and Mortgage Electronic Registration Systems, Inc. ("MERS") in state court in October 2010 and a First Amended Complaint in February 2011, alleging various causes of action with respect to the foreclosure sale of plaintiff's home. Docket No. 1, Ex. 2. On April 1, 2011, the state court sustained demurrers without leave to amend, dismissing the claims against Home Savings and MERS. *Id.* Plaintiff filed an appeal.

*Id*. On February 24, 2012, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Home Savings. On April 17, 2012, the state appellate court granted the FDIC's motion to substitute into the case as receiver for Home Savings. *See* Notice of Removal, ¶ 4. On April 26, 2012, FDIC removed the case from the state appellate court to this Court. *Id*. The FDIC moved to stay the case, in part, to allow plaintiff to exhaust his administrative remedies. Docket No. 2. The Court granted that stay. Docket No. 10.

FDIC now moves to dismiss the case for lack of subject matter jurisdiction because plaintiff failed to exhaust the FDIC's mandatory administrative process.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F. 2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

2

**DISCUSSION**

The FDIC moves to dismiss under Rule 12(b)(1), arguing that because plaintiff did not exhaust FDIC's administrative remedies, this Court lacks subject matter jurisdiction. Under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), the FDIC, in its role as receiver for failed financial institutions, has implemented a mandatory administrative claims review process. 12 U.S.C. § 1821(d)(3). FIRREA limits the jurisdiction of courts over claims against the FDIC until the plaintiff has exhausted the administrative claims process. *In re Parker North American Corp.*, 24 F.3d 1145, 1150 (9th Cir. 1994) ("[FIRREA] strips all courts of jurisdiction over claims outside the administrative procedures . . . Claimants must exhaust these administrative remedies before seeking district or bankruptcy court review."). The exhaustion requirement applies to claims filed in court before or after the FDIC's appointment as receiver for an entity. *Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1283 (9th Cir. 1994) (dismissing case for failure to exhaust even though court action was filed before FDIC appointed as receiver for prior defendant).

Plaintiff argues that because the FDIC failed to "properly notice" plaintiff of his claim rights and of his need to exhaust administrative remedies, the motion to dismiss must be denied. The Ninth Circuit has recognized that FIRREA requires the FDIC to mail notice to creditors explaining the need to file an administrative claim. *Id.* at 1284. However, failure to provide mailed notice does not excuse a failure to exhaust administrative remedies where a plaintiff received *actual* notice of the claims requirement. *Id.* 1284-86. Here, plaintiff – who does not say that he did not receive mailed notice[1] – actually received notice of the claims requirement in the stay motion filed by FDIC upon removal of this case. *See* Docket No. 2 at 3-4. While plaintiff argues that service on counsel, by a court pleading or other notice, is not sufficient service for effecting notice under the FIRREA, courts have concluded otherwise. *See Lacap v. Hillsborough Mortg. Co., LLC*, 2011 U.S. Dist. LEXIS 77125 (E.D. Cal. July 13, 2011) ("Plaintiffs had actual notice of the Receivership and the Claim Bar Date through the Claims Notice sent to them, in care of their attorney, explaining the mandatory procedures for asserting claims

---

[1] Plaintiff does not submit a declaration or make any argument that he did not receive mailed notice. Instead, he argues that the declaration submitted by FDIC regarding mailed notice is insufficient because it was made on information and belief. *See* Oppo. at 3-5; *see also* Objections to Declaration, Docket No. 21-1.

3

against the Receiver."); *F.D.I.C. v. Estrada-Colon,* 2012 WL 987022, * 4 (D. Puerto Rico,2012) ("Even if the FDIC had not mailed the letters of notice, defendants would still have been obliged to submit their claims to the FDIC because the FDIC's notice of removal [] made defendants aware of the FDIC's appointment as receiver for R–G."); *see also Burford v. Resolution Trust Corp.*, 991 F.2d 481, 486-487 (8th Cir. 1993) ("when the RTC knows that a claimant is represented by counsel with regard to a claim, and especially when litigation is pending, it is entirely proper for the RTC to notify the claimant of the receivership via her attorney.").[2]

Plaintiff also argues that the claim exhaustion requirement should not apply because this case was removed when it was on appeal in state court. Plaintiff, however, provides no authority for his proposition. The Ninth Circuit has held that cases on appeal in state court can be removed by the FDIC and Resolution Trust Corporation under their respective removal statutes. *Resolution Trust Corp. v. B.S. Dev.*, 42 F.3d 1206, 1211 (9th Cir. 1994). Plaintiff presents no evidence or argument showing why exhaustion of the administrative claim process should be excused simply because the underlying case was on appeal in state court. *But see Nemean v. Commercial Capital Bank*, 173 Cal. App. 4th 645, 652 (Cal. App. 2d Dist. 2009) (granting stay of appeal to allow for FIRREA claim exhaustion, where FDIC appointed during appeal and plaintiff filed a timely claim while appeal pending).

Finally, plaintiff argues that claims exhaustion should not be required of him because after the state trial court sustained the demurrer of Home Savings and MERS, he has no "claim" that could be pursued in the administrative process. That argument, too, is without merit. The only way plaintiff would have no "claim," is if plaintiff did not appeal the granting of the demurrers on his claims against Home Savings and MERS.

FDIC's motion to dismiss, therefore, must be granted as the Court does not have subject matter jurisdiction over plaintiff's unexhausted claims. However, granting the motion as to the claims against the FDIC does not resolve the claims plaintiff asserts against MERS. This case was removed by the

---

[2] The statute also requires notice by publication, and in a declaration attached to FDIC's reply, defense counsel attests that he personally saw a copy of the published "Notice to Creditors" issued after the FDIC was appointed as receiver for Home Savings. Declaration of Jonathan M. Jenkins, ¶ 5. Mr. Jenkins also explains why he believes plaintiff was sent a mailed notice, but because of consolidation of FDIC's offices, he has been unable to secure a copy of that notice for submission to the Court. *Id.* ¶¶ 5, 7.

4

FDIC under 12 U.S.C. § 1819(b)(2)(B) following the FDIC's appointment as receiver for Home Savings. Now that FDIC is dismissed from the case, the Court lacks subject matter jurisdiction over the remaining state law claims. In the interests of comity and fairness, the Court declines to exercise supplemental jurisdiction over the remaining state law claims asserted against MERS, which were pending in the appellate court. *See, e.g., Carnegie-Mellon University v. Cahill*, 484 U.S. 343, 357 (1988) (noting district courts' discretion to remand a properly removed case to state court when no federal claims remain after considering values of judicial economy, convenience, fairness, and comity).

## CONCLUSION

For the foregoing reasons, the Court GRANTS FDIC's motion to dismiss and dismisses the claims against FDIC. The Court will not exercise supplemental jurisdiction over the state law claims asserted against MERS, and those claims are HEREBY REMANDED back to state court.

**IT IS SO ORDERED.**

Dated: August 20, 2012

SUSAN HILLSTON
United States District Judge

5